IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., a National Banking Association,<br><br>                  Plaintiff,<br><br>v.<br><br>ADK & RKR, LLC, a Utah limited liability company, ALLEN KENDELL, an individual and RYAN K. ROBERTS, an individual;<br><br>                  Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT, RULE 56(g) ORDER**<br><br>Case No. 2:12-cv-00706<br><br>District Judge David Nuffer |

      Plaintiff Wells Fargo has filed a motion for summary judgment[1] on its claim of breach of contract. Plaintiff alleges that Defendants Kendell and Roberts breached their guaranty of a loan between Wells Fargo and ADK & RKR, LLC ("ADK") because they refused to pay Wells Fargo amounts owed by ADK from a foreclosure deficiency. Kendell's opposition[2] asserts that Wells Fargo's credit bid at the trustee's sale did not conclusively establish the fair market value ("FMV") of the property, which must be considered to establish liability.

## STANDARD FOR SUMMARY JUDGMENT

      "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] In applying this standard, the Court must view facts "in the light most favorable to the nonmoving

---

[1] Motion for Summary Judgment and Memorandum in Support (Supporting Memorandum), docket no. 21, filed February 26. 2013.

[2] Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (Opposition), docket no. 23, filed March 27, 2013. Defendant Roberts did not oppose Plaintiff's Motion for Summary Judgment.

[3] Fed. R. Civ. P. 56(a).

party."[4]  The opponent, however, "must do more than simply show that there is some metaphysical doubt as to the material facts,"[5] and where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"[6]

## RULE 56(g) FINDINGS OF FACTS

"If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case."[7]  The papers submitted by the parties show the following facts are not in dispute:

1. On February 13, 2008 Defendants Allen Kendell and Ryan K. Roberts ("Guarantors") executed Commercial Guaranties ("Guaranties") in favor of Wells Fargo.[8]

2. Pursuant to the Guaranties, Guarantors absolutely and unconditionally guaranteed payment of all amounts owed by ADK to Wells Fargo.[9]

3. ADK owned a certain parcel of real property located in Salt Lake County, Utah, as more particularly described in Plaintiff's complaint (the "Property").[10]

4. On February 13, 2008, ADK executed a promissory note dated February 13, 2008 in favor of Wells Fargo (the "2008 Note").  In the 2008 Note, ADK agreed to repay a $715,000 loan made by Wells Fargo to ADK.[11]

---

[4] *Scott v. Harris*, 550 U.S. 372, 380 (2007).

[5] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986).

[6] *Id.* at 587.

[7] Fed. R. Civ. P. 56(g).

[8] Declaration of Tyler Barlow ¶ 5, docket no. 22, filed February 26, 2013.

[9] *Id*. ¶ 6.  An argument was made by Kendell that did not dispute the underlying fact, but argued its context as it related to Utah's "One Action Rule."  *See* Opposition at 3.

[10] Affidavit of Allen Kendell ¶ 2, docket no. 24, filed March 27, 2013.

[11] Supporting Memorandum ¶ 1.

5. On or about September 27, 2011, the terms of the 2008 Note were modified pursuant to a promissory note dated September 27, 2011 (the "2011 Note"). The 2008 Note and the 2011 Note are collectively referred to as the "Promissory Note."[12]

6. The Promissory Note was secured by the Property pursuant to a Deed of Trust dated February 13, 2008 and recorded as Entry No. 10349501 (the "Deed of Trust") in the Salt Lake County Recorder's Office.[13]

7. Guarantors and ADK defaulted in the timely payment of amounts owed to Wells Fargo on the Promissory Note.[14]

8. On January 24, 2012, a Notice of Default was recorded against the Property.[15]

9. The Guarantors and ADK failed to cure the defaults under the Deed of Trust within the time allowed by Utah law after recording of the Notice of Default.[16]

10. Wells Fargo properly served and published a Notice of Trustee's Sale in compliance with Utah law.[17]

11. Wells Fargo properly sold the Property at a Trustee's Sale on June 5, 2012.[18]

12. The amount bid at the Trustee's Sale was insufficient to pay all amounts owing under the Promissory Note and a deficiency exists on the Promissory Note.[19]

The FMV of the Property on the date of sale is a material fact disputed by both parties.

---

[12] *Id.* ¶ 2.
[13] *Id.* ¶ 4.
[14] *Id.* ¶ 7.
[15] *Id.* ¶ 8.
[16] *Id.* ¶ 9.
[17] *Id.* ¶ 10.
[18] *Id.* ¶ 11.
[19] *Id.* ¶ 13.

**DISCUSSION**

In an action to recover a balance due upon an obligation for which a trust deed was given as security, the court, before rendering judgment "shall find the fair market value of the property at the date of sale."[20] The FMV requirement found in the code is necessary to determine the value of the security given to secure the obligation, such that if damages are awarded they may not be "for more than the amount by which the amount of indebtedness . . . exceeds the fair market value of the property as of the date of the sale."[21] .

Wells Fargo asserts in its reply memorandum that the FMV of the Property of $486,000.00 has been conclusively established by the Court's entry of default judgment against ADK.[22] Additionally, Wells Fargo asserts that the Guarantors failed to provide any evidence to rebut the FMV of the Property as found in the default judgment.

In opposition Kendell asserts the FMV of the Property is much greater than $486,000.00, as indicated by an email sent September 14, 2010 from Wells Fargo that references an Independent Valuation Report ("IVR") valuing the Property at $884,300.00.[23] No party has previously raised limitation on deficiency under Utah Code Ann. § 57-1-32, so the FMV of the Property on the date of sale has not been litigated. As a result, there is a genuine issue of material fact as to the actual FMV of the Property on the date of the sale.

---

[20] Utah Code Ann. § 57-1-32.

[21] *Id*.

[22] Reply to Opposition to Plaintiff's Motion for Summary Judgment (Reply) at 8, docket no. 25, filed April 10, 2013.

[23] Opposition at 2, 6.

## ORDER

Accordingly, Plaintiff's motion for summary judgment[24] is **DENIED**. A one (1) day bench trial will be set on the sole issue of the FMV of the Property on the date of sale.

Dated May 20, 2013.

BY THE COURT:

David Nuffer
United States District Judge

---

[24] Docket no. 21, filed February 26, 2013.